**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Linda Hulewat, | No. CV-24-00377-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Medical Management Resource Group LLC, et al., | |
| Defendants. | |

Defendants Medical Management Resource Group, L.L.C. d/b/a American Vision Partners, Barnet Dulaney Perkins Eye Center, PC, the Southwestern Eye Center, Ltd., Marc Ellman, M.D., P.A. d/b/a Southwest Eye Institute, and the Eye Associates of Nevada d/b/a Wellish Vision Institute (collectively, "Defendants") have moved for a stay of discovery in this matter pending their Motions to Dismiss[1] ("the Motion to Stay"). (Doc. 57). Plaintiffs Linda Hulewat, Karen Foti Williams, Ralph Gallegos, Michael Martinez, Lynnae Anderson, Candia Franklin, Marie Therese Montoya, Charles Peterson, Robert Kirk, Marilyn Zajacka, Lynda Israel, Latricia Pelt, Barry Pelt, Ken Waters, Brenda Moreno-Decerra, Robert Ahrensdorf, and David Yeager (collectively, "Plaintiffs") oppose a stay. (Doc. 59). Defendants have not filed a Reply. The Court grants Defendants Motion to Stay in part and denies it in part.

"The power to stay proceedings is incidental to the power inherent in every court to

---

[1] All Defendants have filed a Motion to Dismiss for failure to state a claim (Doc. 52). Defendants Eye Associates of Nevada and Southwest Eye Institute have also separately filed a Motion to Dismiss for lack of personal jurisdiction. (Doc. 51).

control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "Discovery *may* be stayed when a dispositive motion does not require discovery, but discovery should not be stayed if it is necessary to decide the dispositive motion." *Flynn v. Nevada*, 345 F.R.D. 338, 343 (D. Nev. 2024) (citations omitted). A motion to stay discovery pending resolution of a potentially dispositive motion may be granted for good cause. *See Body Xchange Sports Club, LLC v. Zurich Am. Ins. Co.*, 2021 WL 2457482, at *2 (E.D. Cal. June 16, 2021) ("Though the Ninth Circuit has not provided a clear standard for evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, it has affirmed that district courts may grant such a motion for good cause.") (citations omitted). Good cause exists to stay discovery "when the district court is 'convinced that the plaintiff will be unable to state a claim for relief.' " *Flynn*, 345 F.R.D. at 343 (quoting *Wood v. McEwen*, 644 F.2d 797, 801-02 (9th Cir. 1981) (citation omitted).

Generally speaking, "a pending motion challenging [personal] jurisdiction strongly favors a stay, or at a minimum, limitations on discovery until the question of jurisdiction is resolved." *Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at *2 (D. Nev. Oct. 31, 2013) (citation omitted). However, "the filing of a motion challenging personal jurisdiction does not mandate a stay of discovery and the Court retains discretion to require discovery to go forward." *Id*.

The Ninth Circuit has not set forth a clear standard for district courts to apply when deciding to stay a case pending the resolution of a potentially dispositive motion. *See Williams v. Experian Info. Sols. Inc.*, 2024 WL 739676, at *2 (D. Ariz. Feb. 23, 2024). However, "[m]ost federal district courts . . . apply a two-part test under which it is appropriate to stay discovery [where] (1) the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed and (2) the pending, potentially dispositive motion can be decided absent additional discovery. Discovery should proceed if either prong of the test is not met. This test has the Court take a 'preliminary peek' at the underlying motion without exhaustively

reviewing the merits." *Id.* (citing *Ferrell v. AppFolio, Inc.*, 2024 WL 132223, *1 (C.D. Cal. 2024)). "The party seeking the stay bears the burden of proving that it is warranted." *Aliphcom v. Fitbit, Inc.*, 154 F. Supp. 3d 933, 937 (N.D. Cal. 2015). Alternatively, the district court "may, in lieu of a general stay, impose protective orders, seal interrogatories, impose a stay for a finite period of time, or limit a stay to a particular subject matter." *Lizarraga v. City of Nogales Arizona*, 2007 WL 215616, at *1 (D. Ariz. Jan. 24, 2007) (internal citations omitted).

Defendants argue that a stay is appropriate here because (1) they have filed motions which could dispose of the entire case against some or all Defendants and/or substantially narrow the claims in this case, and (2) a brief stay will not prejudice Plaintiffs, but commencing discovery now will unduly prejudice Defendants. (Doc. 57 at 5, 8). Plaintiffs argue that a stay is inappropriate here because (1) Defendants' Motions are not likely to dispose of Plaintiffs' claims; (2) Defendants have not demonstrated undue burden or irreparable injury; and (3) granting Defendants' Motion will prejudice Plaintiffs. (Doc. 59 at 3, 7–8).

With regard to those Defendants seeking dismissal for failure to state a claim, the Court finds that a stay is not proper here. The Court must be convinced that the plaintiff will be unable to state a claim for relief. *See Wood*, 644 F.2d at 801–02. At this juncture, the Court is not convinced. Plaintiffs bring sixteen different counts in this class action lawsuit for: Negligence, Negligence *Per Se*, Unjust Enrichment, Breach of Express and Implied Contract, Breach of Confidence, Breach of Third-Party Beneficiary Contract, Breach of Fiduciary Duty, Invasion of Privacy, Violation of Arizona Consumer Fraud Act, Violations of Texas Deceptive Trade Practices, Violations of Nevada Deceptive Trade Practices Act, and Declaratory Judgment. (Doc. 28 at ¶¶ 336–504).

Federal courts sitting in diversity apply the substantive law of the state in which they sit. *See Clark v. Eddie Bauer LLC*, 30 F.4th 1151, 1154 (9th Cir. 2022) (citing *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011). In Arizona, to establish a claim for negligence, a plaintiff must prove four elements: "(1) a duty requiring the

defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Diaz v. Phoenix Lubrication Serv., Inc.*, 230 P.3d 718, 721 (Ariz. Ct. App. 2010) (quoting *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007)).

Taking a "preliminary peek" at Defendants' Motion and Plaintiffs' Amended Complaint without exhaustively reviewing the merits, the Court finds that, at the very least, Plaintiffs have likely plead a plausible claim for negligence. In their Amended Complaint, Plaintiffs plead all four of these elements. First, Plaintiffs allege that Defendant American Vision "owed a duty to Plaintiffs and Class Members to exercise reasonable care in obtaining, securing, safeguarding, storing, and protecting Plaintiffs' and Class Members' PII/PHI within their control from being compromised, lost, stolen, accessed, and misused by unauthorized persons." (Doc. 28 at ¶ 337). Next, Plaintiffs allege that Defendant American Vision "breached these duties by failing to exercise reasonable care in safeguarding and protecting Plaintiffs' and Class Members' PII/PHI." (*Id*. at ¶ 342). Third, Plaintiffs allege that they would not have been compromised but for Defendant American Vision's wrongful and negligent breach of its duties and that it "created conditions conducive to a foreseeable, intentional criminal act, namely the unauthorized access and copying of PII/PHI by unauthorized third parties." (*Id*. at ¶ 344). Finally, Plaintiffs allege that:

> As a direct and proximate result of American Vision's conduct, Plaintiffs and Class Members have and will suffer damages including: (i) the loss of rental or use value of their PII/PHI; (ii) the unconsented disclosure of their PII/PHI to unauthorized third parties; (iii) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, fraud, and/or unauthorized use of their PII/PHI; (iv) lost opportunity costs associated with addressing and attempting to mitigate the actual and future consequences of the Data Breach, including, but not limited to, efforts spent researching how to prevent, detect, contest, and recover from fraud and identity theft; (v) time, effort, and expense associated with placing fraud alerts or freezes on credit reports; (vi) anxiety, emotional distress, loss of privacy, and other economic and non-economic losses; (vii) the continued risk to their PII/PHI, which remains in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate

> measures to protect it; (viii) future costs in terms of time, effort and money that will be expended to prevent, detect, contest, and repair the inevitable and continuing consequences of compromised PII/PHI for the rest of their lives; and (ix) any nominal damages that may be awarded.

(*Id*. at ¶ 346). As illustrated, Plaintiffs appear to state a plausible claim for negligence; so, the Court is not convinced that Plaintiffs are unable to state a claim for relief when it addresses Defendants' Motion. *See Flynn*, 345 F.R.D. at 343. Thus, a stay with regard to these Defendants is not appropriate. *See Body Xchange Sports Club, LLC*, 2021 WL 2457482, at *2.

However, the Court will grant a stay as to Defendants Eye Associates of Nevada and Southwest Eye Institute. These Defendants separately filed a Motion to Dismiss for lack of personal jurisdiction (Doc. 51) asserting that this Court does not have personal jurisdiction over them as they are Nevada and Texas residents, respectfully. (*Id*. at 1–2). From a cursory review of this Motion, the Court finds that this Motion has merit as they assert that they have virtually no connections to Arizona. (*Id*.) For example, they aver that they have never:

> (1) maintained any branch, office, facility, surgical center, or clinic in Arizona; (2) been registered as a foreign corporation conducting business in Arizona; (3) had an authorized agent for service in Arizona; (4) prior to this lawsuit, sued or been sued in an Arizona court; (5) maintained any bank accounts, books, records, or documents in Arizona; (6) had any employees in Arizona; (7) leased or owned property in Arizona; (8) paid taxes or been asked to pay taxes in Arizona; or (9) entered into any contract in Arizona.

(*Id*. at 2).

The Court also finds that, under the two-part test discussed in *Williams*, the Motion is (1) potentially dispositive of the entire case against Defendants Eye Associates of Nevada and Southwest Eye Institute and (2) it can be decided absent additional discovery. *See Williams*, 2024 WL 739676, at *2. Thus, a stay is warranted as to Defendants Eye Associates of Nevada and Southwest Eye Institute because their pending Motion challenging the Court's jurisdiction "***strongly***" favors a stay. *Kabo Tools*, 2013 WL 5947138, at *2 (emphasis added).

Accordingly,

Defendants' Motion to Stay (Doc. 57) is **GRANTED** in part and **DENIED** in part. Discovery is stayed related to Defendants Eye Associates of Nevada and Southwest Eye Institute until the Court can address their Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. 51). Discovery shall proceed as to the remaining Defendants. A Scheduling Order shall issued by separate Order.

Dated this 3rd day of January, 2025.

Honorable Diane J. Humetewa
United States District Judge