**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Linda Hulewat,<br><br>  Plaintiff,<br><br>v.<br><br>Marc Ellman and Eye Associates of Nevada,<br><br>  Defendants. | No. CV-24-00377-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Defendants Eye Associates of Nevada d/b/a Wellish Vision Institute's ("Wellish") and Marc Ellman's d/b/a Southwest Eye Institute ("SWEI") (referred together as "Defendants") Motion to Dismiss. (Doc. 51). Plaintiffs Linda Hulewat, Karen Foti Wiliams, Ralph Gallegos, Michael Martinez, Lynnae Anderson, Marie Therese Montoya, Charles Peterson, Robert Kirk, Marilyn Zajacka, Lynda Israel, Latricia Pelt, Barry Pelt, Ken Waters, Brenda Moreno-Decerra, Robert Ahrensdorf, and David Yeager (collectively, "Plaintiffs") have filed a response opposing the Motion to Dismiss. (Doc. 63). Defendants filed a Reply in support of their Motion to Dismiss. (Doc. 65). Defendants seek to dismiss this matter under Federal Rule of Civil Procedure 12(b)(2)[1] and argue that this Court lacks jurisdiction over them. For the reasons set forth below, the Court finds that it does not have personal jurisdiction over Defendants and must grant Defendants' Motion to Dismiss.[2]

---

[1] Any reference to "rules" herein are in reference to the Federal Rules of Civil Procedure, unless stated otherwise.

[2] Both parties have requested oral argument in this matter. (Docs. 51 & 63). The Court denies the requests because the issues have been fully briefed and oral argument will not

## I.  Background[3]

Plaintiffs have raised sixteen claims against Defendant Medical Management Resource Group, L.L.C. d/b/a American Vision Partners ("AVP") and Defendants Barnet Dulaney Perkins Eye Center, PC, Marc Ellman, M.D., P.A., d/b/a Southwest Eye Institute ("SWEI"), Southwest Eye Center, Ltd. ("SWEC") and Eye Associates of Nevada d/b/a Wellish Vision Institute ("WVI" or "Wellish").  (Doc. 28).  As alleged in the Amended Complaint, Defendants SWEI and WVI, through management service contracts with AVP, violated several federal laws and regulations when they failed to exercise appropriate monitoring and managerial control over Plaintiffs' personally identifiable information ("PII") and protected health information ("PHI").  (*Id.* at 78).

Plaintiffs allege that AVP partners with ophthalmology practices across the country, including Defendants SWEI and WVI, to provide management system services to support patient care, which include collecting and storing patient PII/PHI.  (*Id.* at 8).  On November 14, 2023, AVP's data management system suffered a data breach, exposing the following types of PII/PHI: Names, Social Security numbers, driver's license numbers, passport numbers, state and government-issued ID numbers, addresses, contact information, and financial account/card information.  (*Id.* at 14).  Because of this data breach, Plaintiffs filed this class action suit to recover "the value of the unauthorized access to their PII/PHI permitted through Defendants' wrongful conduct."  (*Id.* at 32).

Defendant SWEI is a Texas corporation with its principal place of business located in Texas. (Doc. 51 at 2).  SWEI maintains offices in Texas and New Mexico. (*Id.*)  Plaintiff Gallegos is the only Plaintiff alleged to be a patient of SWEI and he is a citizen of Texas. (*Id.*)  Defendant WVI is a Nevada corporation with its principal place of business in Nevada. (*Id.* at 1).  WVI does not maintain offices outside of Texas. (*Id.* at 1–2).  Plaintiff Lynda Israel is the only plaintiff alleged to be a patient of WVI and she is a citizen of

---

aid the Court's decision.  *See* Fed. R. Civ. P. 78(b) (court may decide motions without oral hearings); LRCiv 7.2(f) (same).

[3] Unless otherwise noted, these facts are taken from Plaintiffs' Complaint (Doc. 1).  The Court will assume the Complaint's factual allegations are true, as it must in evaluating a motion to dismiss.  *See Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001).

1  Nevada. (*Id.* at 2). Accordingly, Defendants SWEI and Wellish move to dismiss this
2  matter, alleging that this Court lacks personal jurisdiction over them. (Doc. 51).

3  **II.    Legal Standard**

4  Plaintiffs have the burden of establishing proper personal jurisdiction when
5  opposing a motion to dismiss. *Marvix Photo, Inc. c. Brand Techs., Inc.*, 647 F.3d 1218,
6  1223 (9th Cir. 2011). When a defendant moves to dismiss a complaint for lack of personal
7  jurisdiction based on written materials, "the plaintiff need only make a *prima facie* showing
8  of jurisdictional facts." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th
9  Cir. 2004).

10  "Where… there is no applicable federal statute governing personal jurisdiction, the
11  district court applies the law of the state in which the district court sits." *Id.* (referencing
12  Fed. R. Civ. P. 4(k)(1)(A)). Arizona's long arm statute is co-extensive with federal due
13  process requirements; therefore, a personal jurisdictional analysis under Arizona law is the
14  same as a federal analysis. *Atkins v. Calypso Systems, Inc.*, No. CV-14-02706-PHX-NVW,
15  2015 WL 5856881 at *2 (D. Ariz. Oct. 8, 2015). Under the Due Process Clause,
16  "[a]lthough a nonresident's physical presence within the territorial jurisdiction of the court
17  is not required, the nonresident generally must have certain minimum contacts . . . such
18  that the maintenance of the suit does not offend the traditional notions of fair play and
19  substantial justice." *Walden v. Fiore*, 571 U.S. 277, 283 (2014); *see also Ford Motor Co.*
20  *v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021).

21  A court may assert general or specific personal jurisdiction over a nonresident
22  defendant. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). General jurisdiction exists
23  when the nonresident defendant maintains "continuous and systematic" contacts with the
24  forum state, so much as to render the nonresident "at home." *Id.* at 127 (quoting *Goodyear*
25  *Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The Ninth Circuit
26  will evaluate a defendant's minimum contacts based on the contacts' "[l]ongevity,
27  continuity, volume, economic impact, physical presence, and integration into the [forum]
28  state's regulatory or economic markets." *Gonzalez v. United Seating and Mobility LLC*,

2024 WL 3226550, at *2 (D. Ariz. Jun. 28, 2024) (citing *Mavrix Photo, Inc.*, 647 F.3d 1218, 1224 (9th Cir. 2011).

Specific jurisdiction may be asserted against a nonresident defendant if the controversy arises from or is related to the defendant's specific contact with the forum state. *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414 (1984). The Ninth Circuit follows a three-prong test for analyzing whether specific jurisdiction has been established:

> "(1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play or substantial justice, i.e. it must be reasonable."

*Schwarzenegger*, 374 F.3d at 802 (9th Cir. 2004). A plaintiff bears the burden of satisfying the first two prongs of the test. *Burger King Corp v. Rudzewicz,* 471 U.S. 462, 475 (1985). If the plaintiff satisfies the first two prongs, the burden then shifts to the defendant to "present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* at 476–78. The "purposefully availment" requirement in the first prong ensures that a defendant will not be hauled into a jurisdiction solely because of "'random,' 'fortuitous,' or 'attenuated' contacts." *Id.* at 475.

### III. Discussion

Defendants SWEI and WVI state that their management contracts are with AVP's subsidiaries: Southwest Eye Management, LLC, and Nevada Vision Management, LLC; not with AVP directly. (Doc. 51 at 5–6). Additionally, SWEI and WVI argue that neither corporation maintains sufficient minimum contacts with Arizona that could subject them to the jurisdiction of this Court. (*Id.* at 13). SWEI and WVI allege that neither corporation

1  has: (1) maintained any office or other facility in Arizona, (2) registered as a corporation
2  conducting business in Arizona, (3) kept an agent for service in Arizona, (4) sued or been
3  sued in Arizona prior to this case, (5) maintained any financial documents or banking
4  operations in Arizona, (6) had any employees stationed in Arizona, (7) leased or owned
5  property in Arizona, (8) paid or been asked to pay taxes in Arizona, or (9) entered into any
6  contract in Arizona. (*Id.* at 2).

7  Plaintiffs argue, however, that this Court maintains personal jurisdiction over
8  Defendants SWEI and WVI because the Defendant Corporations have a contractual
9  relationship with AVP, a Delaware incorporated company with its principal place of
10 business in Arizona. (Doc. 63 at 1–2). Plaintiffs further argue that Defendants have
11 sufficient minimum contacts with Arizona through its partnership with AVP and because
12 they knowingly transmitted patient PPI/PHI to AVP's headquarters in Arizona, causing
13 harm to the Plaintiffs. (*Id.* at 3). Plaintiffs also ask to be allowed to conduct jurisdictional
14 discovery. (*Id*. at 13).

15 The Court will first address each argument in turn.

16 **A.   General Personal Jurisdiction**

17 Defendants first argue that they have no systematic contacts with Arizona that
18 would establish general personal jurisdiction. (Doc. 51 at 8). For companies, general
19 personal jurisdiction can be established if they are "incorporated, headquartered, or
20 otherwise 'at home' in the state." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S.
21 351, 358–59 (2021). Neither Defendant is incorporated or has its principal place of
22 business in Arizona. (Doc. 51 at 8). Additionally, neither Defendant maintains systematic
23 or consistent contacts with the State of Arizona. (*Id.*) In fact, Plaintiffs do not contend that
24 SWEI and Wellish are subject to general personal jurisdiction in Arizona.
25 (Doc. 63 at 8 n.4). Accordingly, because there is no argument that Defendants are
26 domiciled in Arizona, or maintain consistent or systematic contacts in Arizona, this Court
27 cannot exercise general personal jurisdiction over the Defendants.
28 / / /

- 5 -

**B.      Specific Personal Jurisdiction**

Defendants next argue that this Court cannot exercise specific personal jurisdiction over them because neither SWEI nor Wellish have "purposefully established sufficient contacts in Arizona such that they could anticipate being hailed into an Arizona court." (Doc. 51 at 9).  Plaintiffs argue that the Court can exercise Specific Jurisdiction over Defendants as they have purposefully availed themselves of jurisdiction in Arizona, this action arises from Defendants' Arizona related activities, and exercising jurisdiction here would be reasonable.  (Doc. 63 at 9, 14–15).

Specific personal jurisdiction requires a defendant to have taken "some act by which [it] purposefully avails itself of the privilege of conduct activities within the forum State." *Ford Motor Co.*, 592 U.S. at 359.  The contacts "must be the defendant's own choice" and "must show that the defendant deliberately reached out beyond its home." *Id.*  "A court exercises specific jurisdiction where the cause of action arises out of or has a substantial connection to the defendant's contacts with the forum."  *Glencore Grain Rotterdam BV v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002).

Under the first prong of the specific jurisdiction test, the Plaintiffs must establish that Defendants SWEI and Wellish purposefully availed themselves to the privilege of conducting activities in Arizona.  To have purposefully availed themselves to the privilege of doing business in Arizona, corporations must have performed some type of affirmative conduct which allows or promotes a business transaction within the forum state.  *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) (quoting *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990)).  A defendant's contract with a party from the forum state will not automatically establish sufficient minimum contacts by itself.  *Burger King*, 471 U.S. at 478.  Instead, "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing . . . must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum."  *Id.* at 479.

Here, SWEI and WVI's management contracts with AVP Subsidiaries, Southwest

Eye Management and AVP Nevada Vision Management LLC, do not subject them to personal jurisdiction in Arizona. The contract between SWEI and Southwest Eye Management is governed by Texas law with exclusive venue in Texas. (Doc. 51-2 ¶¶ 16–17). Similarly, WVI's management contract with AVP Nevada Vision Management LLC is governed by Nevada law with exclusive venue in Nevada. (Doc. 51-1 ¶¶ 17–18). While Plaintiffs allege that Defendants SWEI and WVI are subject to personal jurisdiction in Arizona because of their "relationship with" AVP, there is no direct relationship between the Defendants and AVP within their contracts. In fact, AVP's Subsidiaries are the only contracting parties with AVP directly. (Doc 51-1 ¶ 19; Doc 51-2 ¶ 18).

Additionally, Plaintiffs have not alleged that Defendants SWEI and WVI actively transmit PII/PHI data to AVP in Arizona. Instead, Plaintiffs allege that SWEI and WVI maintain patient PII/PHI and that this information is "shared" with AVP. (Doc. 28 at ¶¶ 3, 145, 235). Plaintiffs have therefore failed to sufficiently allege that Defendants performed some affirmative conduct in Arizona. *See Schwarzenegger*, 374 F.3d at 802 ("the claim must be one which arises out of or relates to the defendant's forum-related activities"). Even though Defendant SWEI is alleged to have registered an Arizona address with the State of Texas (Doc. 63 at 6), it is not alleged to have performed any affirmative conduct to purposefully avail itself of the privilege of business conduct within Arizona nor do Plaintiffs allege a substantial connection between SWEI and AVP. *Boschetto*, 539 F.3d at 1016; *Glencore Grain*, 284 F.3d at 1123. Thus, the Court finds that it does not have specific personal jurisdiction over Defendants SWEI and WVI either.

### C.   Jurisdictional Discovery

A district court has broad discretion in deciding whether the permit jurisdictional discovery. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 n. 1 (9th Cir. 1977) (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977). The Court does not have to permit a plaintiff's request for discovery if the request is based on little more than a hunch that it might yield jurisdictionally relevant facts. *Boschetto*, 539 F.3d at 1020.

Plaintiffs have not met their burden to show that their request for jurisdictional discovery may lead to jurisdictionally relevant facts. While Plaintiffs allege that their request is not based on a "hunch," they do not provide examples of jurisdictional questions that are left unanswered nor examples of what they think discovery might lead to. (Doc. 63 at 17). The Court will deny the Plaintiffs' request for jurisdictional discovery.

### IV.     Conclusion

Because the Court does not have general or specific jurisdiction over Defendants, the Court finds that Plaintiffs have failed to meet their burden to prove that the Court has personal jurisdiction over Defendants. Therefore, it must dismiss Plaintiffs' claims against Defendants SWEI and WVI under Rule 12(b)(2). *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 742 (9th Cir. 2013) ("jurisdiction in [this] forum would deprive the defendant of due process of law.").

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 51) is **GRANTED.** The Clerk of Court is kindly directed to **DISMISS** and **TERMINATE** Defendants Eye Associates of Nevada d/b/a Wellish Vision Institute and Marc Ellman, M.D., P.A. d/b/a Southwest Eye Institute from this action.

Dated this 15th day of May, 2025.

Honorable Diane J. Humetewa
United States District Judge